FILED
SUPERIOR COURT
OF GUAM

2022 MAY 24 PM 2: 40

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No.: CF0690-19**<br>**GPD Report No.: 19-32949** |
| Plaintiff, | |
| **vs.** | |
| | **DECISION AND ORDER RE**<br>**EVIDENTIARY MOTIONS** |
| **JOEY QUINTANILLA AQUININGOC,**<br>DOB: 4/10/1966 | |
| Defendant. | |

This matter came before the Honorable Dana A. Gutierrez on February 22, 2022 for a hearing on the Defendant's: 1) Motion to Exclude Hearsay; 2) Motion to Exclude Undisclosed Non-Exculpatory Discovery; and 3) Motion to Exclude GRE Rules 413 and 404(b) Evidence. Present via Zoom were Assistant Attorney General Sean Brown representing the People of Guam; Defendant Joey Quintanilla Aquiningoc ("Defendant"); and Attorney Peter C. Perez representing Defendant. Upon hearing from both parties, the Court took this matter under advisement and now issues this Decision and Order.

## BACKGROUND

On September 22, 2021, Defendant filed the following motions: 1) Motion to Exclude Hearsay; 2) Motion to Exclude Undisclosed Non-Exculpatory Discovery; and 3) Motion to Exclude GRE Rules 413 and 404(b) Evidence. The People filed an Opposition to the Motion to Exclude Hearsay on September 29, 2021. The People filed a Response to the Motion to Exclude Undisclosed Non-Exculpatory Discovery on September 28, 2021. The People filed their Response to Defendant's Motion to Exclude GRE Rules 413 and 404(b) Evidence on October 4, 2021.

Defendant filed Reply briefs for each Motion. The Court heard oral argument on each Motion on February 22, 2022 and took the matter under advisement.

## DISCUSSION

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. *People v. Harvey*, 211 Ill. 2d 368 (2004). Authority to grant or deny a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. *State v. Zakovi*, 110 P. 3d 469, 472 (Mont. 2005). A motion in limine should be granted only when the trial court finds two factors are present: 1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and 2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. *Hersick v. State*, 904 So.2d 116, 127 (Miss. 2004).

### I.     Motion to Exclude Hearsay.

Defendant argues that the following hearsay statements must be excluded at trial: 1) multiple hearsay statements that the alleged victim's[1] parents told Healing Hearts; 2) hearsay statements from Healing Hearts employee Maresa Aguon concerning what the alleged victim told Healing Hearts; and 3) hearsay statements relating to police officer investigations. In their Opposition, the People argue that the Motion to Exclude Hearsay is premature because the hearsay statements may become admissible, pursuant to various exceptions to the rule against hearsay.

In response, Defendant conceded that during the course of trial, an exception permitting the hearsay might arise. Min. Entry, at 10:57:16 AM (Feb. 22, 2022). The Defendant requests a preemptive granting of the Motion to Exclude Hearsay, which the People can later ask the Court to reconsider if a hearsay exception exists. *Id.*

Under Guam law, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

---

[1] The alleged victim identified in the Indictment filed against Defendant is T.T. (DOB:08/12/2011).

Guam R. Evid. 801(c). "A 'statement' is . . . an oral or written assertion or . . . nonverbal conduct of a person, if it is intended by the person as an assertion." Guam R. Evid. 801(a).

A hearsay statement is inadmissible unless it falls into an exception to the hearsay rule. *See* Guam R. Evid. 802. When attempting to introduce hearsay testimony, the burden is on the proponent, the People in this case, to show that an exception to the hearsay rule applies. *People v. Roby*, 2017 Guam 7 ¶ 27 (citing *U.S. v. Arnold*, 486 F.3d 177, 206 (6th Cir. 2007)).

Generally, a witness's testimony as to the specific contents of a conversation is inadmissible hearsay. *See U.S.* v. Williams, 133 F.3d 1048, 1052 (7th Cir. 1998) (where the Court held that a police officer may testify as to the steps taken in an investigation and describe his contact with the informant and the events leading up to arrest, but the testimony may not disclose the substance of those conversations). However, in some limited circumstances, a witness's testimony regarding a sexual assault victim's disclosures about the incident can be offered as background, rather than for the truth of the matter asserted, under an exception to the rule against hearsay. *People v. Perez*, 2015 Guam 10 ¶ 24. "[P]roof of an extrajudicial complaint, made by the victim of a sexual offense, disclosing the alleged assault, may be admissible for a limited, nonhearsay purpose – namely, to establish the fact of, and the circumstances surrounding, the victim's disclosure of the assault to others." *Id.* at ¶ 25 (quoting *People v. Brown*, 883 P.2d 949, 950 (Cal. 1994)).

Additionally, "information possessed by investigating agents may be received at trial not for the truth of the matter asserted, but as 'background' to explain the investigation, or to show an agent's state of mind so that the jury will understand the reasons for the agent's subsequent actions." *U.S. v. Reyes*, 18 F.3d 65, 70 (2nd Cir. 1994). Therefore, the People may have a witness testify about the fact a statement by the victim was given, but not about the specific contents of that statement, unless the People demonstrate that such statement is admissible for a purpose that would qualify under an exception to the rule against hearsay.

A motion in limine should be granted only when the trial court finds that the material or

3

evidence in question will be inadmissible at a trial under the rules of evidence. *Hersick*, 904 So.2d at 127. As explained above, a number of hearsay exceptions exist which can permit the admission of typically inadmissible hearsay into evidence at trial. Further, Defendant concedes that these exceptions may apply depending on what occurs at trial. Min. Entry, 10:57:16 AM (Feb. 22, 2022). Therefore, the Court finds that it would be premature to grant or deny Defendant's Motion to Exclude Hearsay at this time and reserves a ruling on the Motion to Exclude Hearsay pending the trial.

## II. Motion to Exclude Undisclosed Non-Exculpatory Discovery.

Defendant argues that in preparing for trial and assessing acting in this case, the defense has relied upon the state of the evidence provided by the People through discovery. Thus, the Defendant moves to exclude any further evidence, other than exculpatory evidence, from being admitted at trial.

In response, the People state that they do not oppose this Motion because currently, the People are not aware of any discovery that would need to be used at trial that has not been provided to Defendant through discovery. Response, at 1 (Sept. 28, 2021).

Defendant acknowledged that this Motion may not be ripe, but that Defendant wanted to preserve his concerns in the event new discovery is later provided. Min. Entry, at 10:53:04 AM (Feb. 22, 2022). However, the Defendant stated that if that occurs, Defendant can raise the issue at that time, and Defendant does not think the Court needs to take action on this Motion. *Id.*

Based on the People's non-opposition and the Defendant's agreement that no action is needed at this time, the Court reserves a ruling on this Motion pending trial, or pending the issue arising if further discovery is provided.

## III. Motion to Exclude GRE Rules 413 and 404(b) Evidence.

On July 13, 2021, the People filed a Notice of GRE Rules 413 and 404(b) Evidence ("Notice") notifying the Court and the parties that the People seek to introduce evidence where

another minor had similar experiences with Defendant to the experience that the alleged victim reported in this case. Notice, at 2.[2] Defendant argues that this evidence must be excluded because it does not pass the three-factor test to admit evidence under Rule 413 of the Guam Rules of Evidence ("GRE"). Motion to Exclude Evidence, at 1.

### A.    The Evidence Is Not Admissible Under Rule 413 of the GRE.

Rule 413 of the GRE provides:

(a) In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant.
[. . .]
(d) For purposes of this rule and Rule 415, "offense of criminal sexual conduct" means a crime under Federal law, Guam law, or the law of a State (as defined in section 513 of title 18, United States Code) that involved:
(1) any conduct proscribed by chapter 25 of Title 9, Guam Code Annotated;
(2) any conduct proscribed by chapter 109A of title 18, United States Code;
(3) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
(4) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;
(5) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or
(6) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5).

In *Guam v. Chinel*, the Guam Supreme Court analyzed Rule 413 as it applied to the trial court's decision to allow evidence of the defendant's prior convictions of criminal sexual conduct charges in defendant's more current case which also involved criminal sexual conduct charges. *People v. Chinel*, 2013 Guam 24 ¶ 3-16. The *Chinel* Court adopted a three-prong test for determining if a prior offense of conduct is admissible under Rule 413:

---

[2] Initially, the Notice indicated the People were seeking to introduce the testimony of two minor witnesses: the alleged victim's sibling, T.R.T. (DOB: 7/20/10) and another minor witness, H.T. (DOB: 10/18/15). However, at the Motion hearing, the People informed the Court that the minor witness, H.T., will no longer be testifying, so the only witness at issue in the Notice is T.R.T. Min. Entry, at 10:42:14 AM (Feb. 22, 2022).

> First, the defendant in the present case must be accused of sexual assault. Second, the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault. Third, the past act must be relevant, meaning that its existence must make any fact at issue more or less probable than if such evidence were excluded.

*Id.* at ¶ 25.

It is undisputed that the Indictment filed against Defendant charges him with Two Counts of Second Degree Criminal Sexual Conduct. Therefore, the first *Chinel* prong is satisfied.

The second prong requires that the evidence proffered must be evidence of the defendant's commission of another past act of sexual assault. *Id.* Guam's Rule 413 provides that "evidence of the defendant's commission of **another offense or offenses of criminal sexual conduct** is admissible, and may be considered for its bearing on any matter to which it is relevant." Guam R. Evid. 413(a) (emphasis added). Rule 413(d) further requires that: "[f]or purposes of this rule and Rule 415, '**offense of criminal sexual conduct**' means a crime under Federal law, Guam law, or the law of a State (as defined in section 513 of title 18, United States Code) that involved: (1) any conduct proscribed by chapter 25 of Title 9, Guam Code Annotated; (2) any conduct proscribed by chapter 109A of title 18, United States Code; (3) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person; (4) contact, without consent, between the genitals or anus of the defendant and any part of another person's body; (5) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or (6) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5)." Guam R. Evid. 413(d) (emphasis added).

Although a "final conviction" is not necessarily required in order for the proffered evidence to qualify under Rule 413(d), the proffered evidence must still amount to "sexual contact." *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 151-54 (3d. Cir. 2002).[3] Mere solicitation and fully clothed

---

[3] In *Chinel*, the Guam Supreme Court found that Rule 413 of the Federal Rules of Evidence ("FRE") is substantially similar to Guam's Rule 413. *Chinel*, 2013 Guam 24 ¶ 22. Therefore, the Court relied on the federal courts' interpretations of this rule. *Id.*

but sexually suggestive acts are insufficient to constitute "sexual acts" when determining the admissibility of proffered evidence under Rule 413. *U.S. v. Blue Bird*, 372 F.3d 989, 993 (8th Cir. 2004).

In this case, the People seek to introduce evidence that the alleged victim's sibling, T.R.T. (DOB: 7/20/10), indicated that the Defendant pushed her thighs and played with a toy—specifically, slime—between T.R.T.'s legs. Notice, at 2; Motion to Exclude Evidence, at 2 (citing Discovery Page 52, 54). The People concede that this proffered evidence "may not add up to sexual criminal acts." Notice, at 2. The People elaborated on this concession, stating: "The People do not claim that the prior conduct is expressly sexual in nature because elements of a sex offense are lacking, specifically the Defendant did not come into contact with a private area." Response, at 1 (Oct. 4, 2021).

In reviewing the proffered evidence and in light of the People's concession that such evidence lacks the elements of a "sex offense," the Court must find that description of what allegedly occurred with T.R.T. does not fall within the list of conduct prescribed under Rule 413(d). Because the proffered evidence does not qualify as an "offense of criminal sexual conduct" defined by Rule 413, the second prong of the *Chinel* test is not satisfied. *See Chinel*, 2013 Guam 24 ¶ 25. Therefore, the proffered evidence is not admissible under Rule 413.

### B.     The Evidence Is Not Admissible Under Rule 404(b) of the GRE.

The People argue that if the acts are not sexual in nature, then alternatively, the proffered evidence should be admitted under Rule 404(b) to show absence of mistake and intent, rather than for propensity purposes under Rule 413. Response, at 2. Defendant's Motion and Reply briefs primarily argue that the evidence must be excluded under Rule 413, but do not address a Rule 404(b) analysis. When asked about Defendant's response to the People's Rule 404(b) alternative argument, Defendant asserted that the evidence does not fit within Rule 404(b) because it is not evidence of a "prior bad act," and even if it is admissible under Rule 404(b), the evidence should be

excluded pursuant to Rule 403. Min. Entry, 10:47:09 AM (Feb. 22, 2022).

### 1. Rule 404(b) Permits Evidence of "Acts" In General.

Rule 404(b) of the GRE provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Even "good acts" are generally admissible under Rule 404(b) if relevant and probative of the issues in dispute. Robert E. Larsen, Navigating the Federal Trial § 10:56 (2021); *e.g., Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 519–26 (3d Cir. 2003) (finding, in employment action alleging age discrimination, trial judge did not abuse discretion by admitting evidence under Rule 404(b) of defendant's subsequent good act and holding that the "evidence is encompassed by the plain text of Rule 404(b) which addresses 'other . . . acts,' not just prior bad acts"); *U.S. v. Thomas*, 134 F.3d 975, 978–80 (9th Cir. 1998) (reversing convictions because trial judge erred by excluding defendant's proffered evidence of his prior good acts holding that "evidence of prior good acts is admissible under Rule 404(b) to prove the defendant's intent or state of mind as long as it 'bears meaningfully on the defendant's lack of a criminal disposition at the time of the government's inducement'").

Defendant's argument that the evidence should be excluded because the proffered evidence is not a "bad act" is misplaced. Rule 404(b) permits evidence of "acts" in general, including *good* acts, and is not limited only to "bad acts." *See* Guam R. Evid. 404(b) ("Evidence of other crimes, wrongs, **or acts** . . . .") (emphasis added). Therefore, the Court must not exclude the proffered evidence on this basis.

### 2. The Proffered Evidence Does Not Pass the *Hinton* Test.

The Guam Supreme Court has expressly defined the appropriate standard for evaluating the admission of evidence under Rule 404(b) as follows:

> To be admissible under GRE 404(b), the evidence of prior acts and crimes must (1) prove a material element of the crime currently charged; (2) show similarity between past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time.

*People v. Camaddu*, 2015 Guam 2 ¶ 12 (citing *U.S. v. Hinton*, 31 F.3d 817, 822 (9th Cir.1994) (referred to as the "*Hinton* test").

Regarding the first factor, in *People v. Camaddu*, the Court considered whether evidence that the defendant tried to give a minor, A.M.—who was *not* the alleged victim—pornographic material "prove[d] a material element" of Second Degree Criminal Sexual Conduct. *Camaddu*, 2015 Guam 2 ¶ 46-50. The *Camaddu* Court reasoned that "[w]hile one might argue that this goes to Camaddu's intent or lack of mistake, it would be a strain to conclude that the evidence that Camaddu tried to give A.M. pornographic material goes toward proving that Camaddu's touching of [the alleged victim] as charged in the superseding indictment was done for the purpose of sexual gratification or was not a mistake." *Id.* at ¶ 50. The Court held that the "evidence seems only to go toward Camaddu's proclivity toward such conduct, which is a prohibited use of such evidence," and therefore the Court was "not convinced" that the first prong of the *Hinton* test was satisfied. *Compare id., with People v. Taitano*, 2015 Guam 33 ¶ 31 (holding that the alleged victim's testimony about three other incidents where the defendant perpetrated "sexual contact" with the alleged victim, separate from the incidents charged in the indictment, went toward proving the element that the defendant engaged in sexual contact with the alleged victim because it showed a "similar pattern in order to establish intent, plan, and lack of mistake or accident.").

Here, the People argue the material element that can be proved through the proffered evidence is that Defendant intended to gain sexual gratification from the acts described in the

Indictment involving the alleged victim. Min. Entry, at 10:43:44-10:45:25 AM (Feb. 22, 2022). In other words, the People argue that evidence that Defendant pushed T.R.T.'s thighs and played with a toy between her legs help to prove that the Defendant intended to gain sexual gratification from touching the alleged victim. *Id.*

In comparison to *Camaddu*, this proffered evidence is similarly too far removed from the conduct charged in the Indictment. *See Camaddu*, 2015 Guam 2 ¶ 50. As explained above, the People concede that the proffered evidence is not "expressly sexual in nature because elements of a sex offense are lacking, specifically the Defendant did not come into contact with a private area." Response, at 1 (Oct. 4, 2021).

Because this alleged incident cannot be categorized as "sexual in nature," it is a strain to make the connection between the Defendant pushing another minor's thighs and playing with a toy between her legs and the conduct charged in the Indictment involving the alleged victim. *See id.*; *Camaddu*, 2015 Guam 2 ¶ 50. As in *Camaddu*, this Court is similarly not convinced that the evidence goes to "intent or lack of mistake," and even doubtful whether this evidence would go toward Defendant's proclivity for the conduct charged in the Indictment. *See id.* Accordingly, the first prong is not met.

Regarding the second factor, the *Camaddu* Court found that there was no similarity between the charged conduct with the alleged victim—i.e. Second Degree Criminal Sexual Conduct—and the allegation that the defendant tried to offer another minor a pornographic magazine. *Id.* at ¶ 51. Here, the allegation that Defendant touched another minor's thighs is somewhat more similar to the charge that Defendant intentionally engaged in sexual contact with the alleged victim by touching her primary genital area than was the case of *Camaddu*. *See id.* This is because there is an allegation of some physical contact with another minor.

The third prong is satisfied because the proffered evidence would come from T.R.T.'s testimony, and it would be testimony concerning what she experienced personally. *See id.* at ¶ 52.

The fourth prong of the *Hinton* test looks at whether the prior act is too remote in time. *Id.* at ¶ 53. In *Camaddu*, the prior act occurred at least ten years prior to the time that the witness gave her testimony at the trial, and the Court found that this was not too remote in time, and therefore held that the fourth prong was satisfied. *Id.* at ¶ 53-54. Here, the People assert that the incident with T.R.T. is alleged to have occurred on November 11, 2019. Response, at 3. Therefore, the alleged incident is not too remote in time in comparison to the case of *Camaddu*.[4]

In *Camaddu*, the Guam Supreme Court explained that the "four factors of [the *Hinton*] test are strung together by the conjunctive 'and' rather than the disjunctive 'or.'" *Camaddu*, 2015 Guam 2 ¶ 54. Therefore, in order to admit evidence pursuant to Rule 404(b), a finding that each factor is satisfied is required. *Id.* Here, as explained above, the Court finds that the first prong is not met because the proffered evidence does not prove a material element of the crime currently charged against Defendant. Accordingly, the evidence is not admissible pursuant to Rule 404(b) of the GRE.[5]

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that it shall reserve a ruling on Defendant's Motion to Exclude Hearsay and Motion to Exclude Undisclosed Non-Exculpatory Discovery, and the Court hereby **GRANTS** Defendant's Motion to Exclude GRE Rules 413 and 404(b) Evidence.

**SO ORDERED**: _____MAY 2 4 2022_____

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

---

[4] The Court recognizes that the trial date in this matter is currently uncertain due to the Defendant's medical condition. Therefore, depending on the length of the delay that occurs in bringing Defendant to trial, this finding may be subject to change. However, as explained, because the first prong is not satisfied, the issue of whether or not the fourth prong is met does not change the outcome of this Court's analysis.

[5] Because the proffered evidence does not meet the requirements of the *Hinton* test, the Court need not move on to whether the evidence is more probative than prejudicial under Rule 403. *Camaddu*, 2015 Guam 2 ¶ 54.